Green, J.
delivered the opinion of the court, (a)
This action was brought against the plaintiff in error, by the defendant in error, on the following paper writing:
*215 ctNo.^-, Nashville, December 13th, 1827. Cashier of the office of discount and deposite, United States Bank, Nashville, pay to N. Patterson or bearer, one hundred dollars and-cents, on the 14th January, 1828.
$100 -cents. M. W. BROWN.”
Proof was introduced to show that payment was demanded at the bank on the 14th of January, the day on which on its face, it is made payable. It is not pretended that any demand was made afterwards. It is insisted by the plaintiff, 1. That the paper upon which the suit is founded is a hank check, and that demand on the 14th was proper.
2. That the evidence shows such demand was made.
3. That if it he considered a bill of exchange, still Brown was not entitled to notice, inasmuch as he had no funds in the Bank when he drew, nor until long after the draft became payable.
It may be proper to remark in the first place, that if the paper on which this action is founded were considered a bank check, and therefore payable on the 14th of January, 1828, still in order to sustain the action it must appear that payment was demanded of the Bank before the suit was brought. 3 Kent’s Com. 58. To prove this, Barton Richmond was introduced, who testified that he saw Lusk, the plaintiff, on the 14th of January, going into the Bank, and afterwards met him returning from it, when Lusk told him that, he had demanded payment, which was not made. Witness afterwards saw Brown and told him that payment had been demanded and refused, when Brown said it must he arranged^ The conversation between the witness and Lusk was wholly incompetent, and ought not to have been received. It was merely hearsay testimony, imconnected with any fact by which it could be made admissible. The demand, is the fact to he proved; that, if made at all, was made in Bank, and this conversation occurred with the witness, after Lusk had left the hank, and was returning. It cannot he pre- *216 therefore, that it was part of the res gestad The 'remark ol Brown, that it must be arranged, was no wai-yer of the demand which the law required the plaintiff to make. He was told the demand had been made. He made the remark upon the supposition of a state of facts, which, so far as we are informed, did not exist. It is not like the case where a party making a promise to pay, is a waiver of notice, he being acquainted with all the facts. Here, if the facts stated to him were true, no waiver was necessary: if they were not true, the remark produced by the falsehood is no waiver. In this view of the case, therefore, this judgment cannot be sustained.
But the writing in question is not a bank check, but is a bill of exchange. It was made payable at a day after its date, and was given as a security for money then to be paid. Chitty says, (Chitty on bills, 7th Amer. Ed. 322) that “checks are not due before payment is demanded, in which respect they differ from bills of exchange and promissory notes, payable on a particular day.” This is the distinguishing feature of these instruments. They are appropriations of money in the hands of a banker, and are payable on presentment. The paper under consideration was executed the 13th of December, 1827, and payable the 14th of January following, and was negotiated as a security for money. It differs not, in substance or form, from an inland bill of exchange as defined by Chitty, 41, 47, 92. This being the character of the instrument, it was entitled to grace, and ought to have been presented for payment the 17th of January. The court charged the jury that the paper writing, upon which the action was founded, was a bank check, and not a bill of exchange, and that three days of grace must not be allowed. Upon the view before taken of this case, we are of opinion the court erred in this part of the charge.
The court was requested to charge, that if the jury believed that the writing was executed for the accommodation of Patterson, the defendant was entitled to notice, *217 although he, the defendant, might have had no effects in the hands of the drawer.. This charge, the court refused to ■give. We are not authorized to say that the court erred in refusing to give the charge, in the language proposed; because, that would necessarily be assuming, that the proof had established the fact, that Brown had reasonable grounds to expect that Patterson would provide funds for the payment of the bill, by the time it should be demanded. This the court ought not to have assumed from the proof in this record, but ought to have left that feet to be determined by the jury. If the bill was drawn by Brown, for the accommodation of Patterson, and if Patterson was known .to be in the habit of .obtaining- such accommodations from his friends, and punctually providing the means of payment, this would be sufficient ground for Brown to have entertained a reasonable expectation that funds would be provided to meet the bill, and that it would be paid; and in such case he would be entitled to notice.
The ground upon which the court proceed in Biker-dike vs. Boilman, (1 Term Rep. 405) is, that where the drawer has no funds in the hands of the drawee, he is guilty of a fraud, and having drawn for his own benefit, he can receive no injury for want of notice, and therefore is not entitled to require it to be given. This rule is sound in principle, and ought not tobe changed; but where the bill is drawn for the accommodation of another,- and no fraud can be imputed on account of the reasonable expectations the drawer entertained, that the bill would be paid, the reason of the rule ceases, and in such case the drawer ought to have notice of the dishonor of the bill. Rucker and others vs. Hiller, 16 East 43: 19 Com. Law Rep. 181: Lafitte vs. Slatter, 6 Bingham, 623. The latter case is particularly applicable in its facts, to the principle above stated. In that case, the drawer knew the acceptor would not pay the bill; but the court inferred from the proof, that Rose, who owed the drawer £1000, was to have *218 paid the bill, and that the drawer had reasonable grounds r , ,, , to expect he would do so.
In the case before the court, we do not assume the facts to be, that the bill under consideration was drawn for the accommodation of Patterson, and dial Brown had reasonable grounds to expect he would pay it; but as the evidence tends to establish the facts to be so, this question ought to be left to the jury upon a statement of the .law as here laid down.
The judgment will be reversed, and the cause remanded to the circuit court of Davidson county, for another trial to be had therein.
Judgment reversed.

 Absent, Cathon, Ch. J.